I am at a loss to see how the statute of frauds has any bearing upon this case; certainly not by the purchase of the property at the day of sale. Every person was invited to purchase, and Cooke gave more than anybody else was willing to give. With respect to the amount of Clay's money in his hands, it could have been on the trial reduced to a certainty there was not as much as the execution calls for under which the property was sold. Whether if it had been paid to the plaintiff in the execution it would have stopped the sale is not known. I admit Clay had an equity against Cooke. Perhaps Cooke *Page 74 
might have been compelled to reconvey the property sold to Clay, or perhaps to Clay's creditors, but not without paying the debt (155) which Clay owed him by bond. If he was in this respect a trustee for Clay, it was such a trust as could not be sold under execution.
I think there ought to be a new trial.
HENDERSON, J., concurred.
PER CURIAM. New trial.